IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LOREDANA RANZA, | 3:10-CV-01285-AC |
| Plaintiff, | AMENDED ORDER |
| v. | |
| NIKE, INC., an Oregon corporation, and NIKE EUROPEAN OPERATIONS NETHERLANDS, B.V., a foreign corporation, | |
| Defendants. | |

BROWN, Judge.

   Magistrate Judge John V. Acosta issued Findings and Recommendation (#130) on January 4, 2013, in which he recommended the Court grant Defendants' Motion (#14) to Dismiss and dismiss Plaintiff's claims.  Plaintiff and Defendants filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - AMENDED ORDER

On February 27, 2013, the Court issued an Order that addressed Defendants' Objections and adopted in part the Magistrate Judge's Finding and Recommendation, thereby granting Defendants' Motion to Dismiss.

On March 4, 2013, Plaintiff contacted the Court and requested the Court also address Plaintiff's Objections to the Findings and Recommendation, which the Court did not reference specifically in its February 27, 2013, Order.  Also on March 4, 2013, Defendants advised the Court that they did not believe it was necessary for the Court to note specifically that it had addressed Plaintiff's Objections because it was implicit the Court had done so in conducting its *de novo* review of the issues of personal jurisdiction and whether Plaintiffs can state a claim under Title VII and the Age Discrimination in Employment Act. Nevertheless, Defendants noted they did not object to the Court entering an order clarifying the February 27, 2013, Order to address Plaintiff's Objections.

The Court agrees clarification of its February 27, 2013, Order would be helpful, and, therefore, enters this Amended Order which replaces the Order issued February 27, 2013, and specifically addresses Plaintiff's Objections as well as Defendants' Objections.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make

2 - AMENDED ORDER

a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

**I. Magistrate Judge's Finding and Recommendations related to personal jurisdiction and Plaintiff's ability to state a claim against Defendants.**

In his Findings and Recommendation the Magistrate Judge recommended the Court conclude, among other things, that it lacks personal jurisdiction as to Defendant Nike European Operations Netherlands (NEON) and that, in any event, Plaintiff cannot state a claim against Defendant Nike, Inc., or NEON under Title VII or the Age Discrimination in Employment Act (ADEA). Plaintiff objects to this portion of the Findings and Recommendation, but Defendants do not.

In Plaintiff's Objections to this portion of the Findings and Recommendation, she reiterates the arguments contained in her Response to Defendants' Motion to Dismiss and stated at oral argument. This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**II. Magistrate Judge's alternative recommendations.**

The Magistrate Judge recommended in the alternative that the

3 - AMENDED ORDER

Court conclude even though Plaintiff timely exhausted her administrative remedies, Oregon is not the appropriate forum for resolution of Plaintiff's claims against NEON or Nike. Defendants object to the Magistrate Judge's alternative finding and recommendation that the Court conclude Plaintiff exhausted her administrative remedies.  Plaintiff, in turn, objects to the Magistrate Judge's alternative recommendation that the Court conclude Oregon is not the appropriate forum for resolution of Plaintiff's claims against NEON or Nike.

Because this Court concludes it lacks personal jurisdiction as to NEON and that Plaintiff cannot under any set of facts state a claim against Nike for violation of Title VII or the ADEA, it is unnecessary for the Court to consider the Magistrate Judge's alternative recommendations regarding exhaustion of administrative remedies or *forum non conveniens*.  Accordingly, the Court does not resolve the parties' Objections to those alternative recommendations.

The parties' remaining Objections reiterate the arguments contained in their materials related to Defendants' Motion to Dismiss and stated at oral argument.  This Court has carefully considered the parties' Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's

4 - AMENDED ORDER

Findings and Recommendation.

### III. Magistrate Judge's denial of Plaintiff's Motion to Supplement the Record.

Plaintiff also objects to the Magistrate Judge's Order denying Plaintiff's Motion to Supplement the Record.

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  The standard of review for an order with objections is "clearly erroneous" or "contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A)(applying the "clearly erroneous or contrary to law" standard of review for nondispositive motions).  If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under Title 28 U.S.C. § 636(b)(1)(B).

The Court notes Magistrate Judge Acosta issued the Order denying Plaintiff's Motion to Supplement the Record on May 30, 2012, and it is questionable whether Plaintiff's Objection to that Order is timely.  Nevertheless, this Court has carefully considered Plaintiff's Objection and concludes it does not provide a basis to modify the Magistrate Judge's Order.  This Court also has reviewed the pertinent remaining portions of the

5 - AMENDED ORDER

record *de novo* and does not find any error.

## CONCLUSION

The Court **ADOPTS in part** Magistrate Judge Acosta's Findings and Recommendation (#130), concludes the Court lacks personal jurisdiction as to NEON, and concludes Plaintiff cannot state a claim against Defendants for violation of Title VII or the ADEA. Accordingly, the Court **GRANTS** Defendants' Motion (#14) to Dismiss and **DISMISSES** Plaintiff's claims **with prejudice.**

The Court declines to enter a judgment at this time because Magistrate Judge Acosta took Plaintiff's Motion (#69) for Leave to File an Amended Complaint under advisement on January 4, 2013, pending the ruling by this Court on Defendants' Motion to Dismiss.

IT IS SO ORDERED.

DATED this 7th day of March, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge