IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LOREDANA RANZA,                                    Civ. No. 3:10-cv-01285-AC

              Plaintiff,                          FINDINGS AND
                                                        RECOMMENDATION

    v.

NIKE, INC., an Oregon corporation, NIKE
EUROPEAN OPERATIONS
NETHERLANDS, B.V., a foreign
corporation,

              Defendants.

_____

ACOSTA, Magistrate Judge:

    Defendants Nike, Inc. and Nike European Operations Netherlands, B.V. (collectively

"Defendants"), seek $19,417.13 in costs arising from the lawsuit filed against them by Plaintiff

Loredana Ranza ("Ranza"). Ranza alleged claims of employment discrimination against Defendants

and these claims were dismissed with prejudice for lack of personal jurisdiction over NEON and

failure to state a claim against Nike or NEON under the ADEA or Title VII. Ranza opposes most

of the costs sought by Defendants as outside the scope of recoverable costs. Defendants' cost bill

should be granted in part and denied in part.

*Legal Standard*

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P 54(d) (2013).  Under Local Rule 54, a party seeking costs in this district must provide a "detailed itemization of all claimed costs.  The prevailing party must file an affidavit and appropriate documentation." *Local Rules of Civil Procedure*, District of Oregon, Rule 54-1(a)(1).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003).  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).  The district court must give specific reasons for rejecting claimed costs.  *Id*. at 591-592 (citing *Subscription Television, Inc. v. Souther Cal. Theater Owners Assoc.*, 576 F.2d 230, 234 (9th Cir. 1978)).

The United States Code identifies six categories of recoverable costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2013).  A court may not award costs beyond the scope of those authorized by

section 1920. *Kraft v. Arden*, CV. 07-487-PK, 2009 U.S. Dist. LEXIS 1527, at *7-8 (D. Or. Jan. 8,

2009) (citations omitted). "Courts, however, are free to construe the meaning and scope of the items

enumerated as taxable costs in § 1920." *Id*. at *8. Ultimately, it is "incumbent upon the losing party

to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d

1069, 1079 (9th Cir. 1999).

*Discussion*

Defendants' bill of costs seeks $1,731.67 in costs for deposition and hearing transcripts, and

$17,685.46 in costs for exemplification and copying. With respect to fees associated with

transcripts, the declaration states that the "copies were necessarily obtained for use in the above-

captioned litigation." (Rosenbaum Affidavit ("Aff.") ¶ 2.) With respect to fees for document

processing and copying, the affidavit states that the "copies were necessarily obtained for production

requested by plaintiff and ordered by the Court in the above-captioned litigation" and that Ranza

relied on them "in filing her opposition to Defendants' motion to dismiss." *Id*. at ¶ 3.

In support of the cost bill, Defendants submit an itemization chart for costs incurred between

December 1, 2010, and March 5, 2013. The chart first identifies the transcripts for which charges

were incurred and gives some additional detail, including the date, the cost, and a brief description

of the transcript in question. Six entries describe deposition transcripts from nine depositions; three

entries describe transcripts from three court hearings. The transcript-related costs sought by

Defendants total $1,731.67.

The itemization chart also details the costs incurred for document production and copying.

The bulk of the entries, 141 of 162 total entries, are identified as "Internal Document Reproduction"

and include an invoice date and the amount incurred. They contain no additional information

regarding the purpose of their reproduction.  These entries total $4,427.30.  The remaining entries

are identified as "Special Copy" and identify a vendor as well as some information regarding the

reproduced documents.  Those entries are as follows:

| | | | |
|---|---|---|---|
| 1. | 12/01/10 | Copy of EEOC file, EEOC | $31.05 |
| 2. | 05/06/10 | Response to RFPs, Busse & Hunt | $429.20 |
| 3. | 07/25/11 | Hard drive forensic imaging, Bridge City Legal[1] | $255.00 |
| 4. | 07/25/11 | Document production, BCL | $540.86 |
| 5. | 07/28/11 | Document production, BCL | $139.14 |
| 6. | 07/29/11 | Document production, BCL | $113.99 |
| 7. | 08/01/11 | Document production, BCL | $228.48 |
| 8. | 08/04/11 | Document production, BCL | $269.96 |
| 9. | 08/11/11 | Document production, BCL | $2,265.28 |
| 10. | 08/26/11 | Document production, BCL | $77.43 |
| 11. | 08/31/11 | Document production, BCL | $159.37 |
| 12. | 09/20/11 | Document production, BCL | $2,499.51 |
| 13. | 09/27/11 | Document production, BCL | $1,794.95 |
| 14. | 09/30/11 | Document production, BCL | $132.17 |
| 15. | 09/30/11 | Document production, BCL | $493.08 |
| 16. | 10/05/11 | Document production, BCL | $24.23 |
| 17. | 10/06/11 | Document production, BCL | $1,082.64 |
| 18. | 10/11/11 | Document production, BCL | $2,126.27 |

---

[1] Hereinafter referred to as "BCL."

| | | | |
|---|---|---|---|
| 19. | 10/17/11 | Document production, BCL | $310.59 |
| 20. | 10/20/11 | Document production, BCL | $216.87 |
| 21. | 10/25/11 | Document production, BCL | $68.09 |
| | SUBTOTAL: | | $13,258.16 |
| | Internal Document TOTAL: | | $4,427.30 |
| | **TOTAL:** | | **$17,685.46** |

(Rosenbaum Aff., Exhibit ("Ex.") 3.)  Each of the entries 4-21 are for the conversion of documents to electronic files and the creation of a CD or DVD to house the electronic files.  *See* Rosenbaum Aff., Ex. 3 at 1-40.

I.    Deposition and Hearing Transcripts

Under section 1920, a prevailing party may recover fees for "printed or electronically recorded transcripts necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau v. Adidas Salomon AG*, CV-01-105-ST, 2002 U.S. Dist. LEXIS 20342, at *5 (D. Or. June 14, 2002)                                                                    .

A.    *Deposition Transcripts*

Defendants seek fees for transcripts of the depositions of Ranza, Stephen Conroy, Gerard Rogers, Gaetano Sodo, William Mullen, Roland Paanakker, Ann Miller, Simon Kemmet, and Don Ellwein, all of whom are involved in the lawsuit in their capacity as current and former employees. The costs associated with the deposition transcripts total $1,224.37 and, notably, Ranza did not raise an objection to them in her objections to the cost bill.

All but three of the depositions were taken prior to the hearing on the motion to compel and

the final three – Miller, Kemmett, and Ellwein – were taken approximately one month after the hearing.  In light of the highly factual nature of the issues analyzed at the dismissal stage, and because of the broad scope of Ranza's discovery request, the court concludes that these transcripts were necessarily obtained for use in the case.  Accordingly, the costs associated with the deposition transcripts should be awarded to Defendants in the amount of $1,224.37.

  B. *Hearing Transcripts*

  Defendants also seek costs for transcripts of three hearings:  (1) the June 9, 2011, hearing regarding Ranza's motion to compel; (2) the August 2, 2011, discovery conference on Defendants' oral motion regarding the control standard; and (3) the July 26, 2012, hearing on the motion to dismiss.  The costs associated with the hearing transcripts total $507.30 and Ranza does not object to these costs.

  The transcript of the hearing on Ranza's motion to compel was necessary for use in the case because the court issued an oral ruling regarding the scope of discovery.  The court is not persuaded, however, that the transcript of the discovery conference on Defendants' oral motion was necessary as the minute order merely denies the motion and sets new deadlines, and does not refer the parties to the transcript for clarification.  Finally, the transcript from the hearing on Defendants' motion to dismiss was ordered after the Findings and Recommendation issued and before Defendants' response to Ranza's objections.  The briefing on the objections does not reveal any reliance on the hearing transcript and the court concludes it was not necessary for litigation of this case before this court.  Accordingly, the court should grants costs for the first hearing requested, but not the second or third, for a total of $297.00.

  The total amount that should be awarded for transcript costs is $1,521.37.

II.    Exemplification and Copying

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (2012). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Teicher v. Regence Health and Life Ins. Co.*, No 06-1821-BR, 2008 U.S. Dist. LEXIS 96268, at *31 (D. Or. Nov. 24, 2008); *Arboireau*, 2002 U.S. Dist. LEXIS 20342, at *17-18 (citing *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Arboireau*, 2002 U.S. Dist. LEXIS 20342, at *18 (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonable necessary to its case is, by itself, insufficient. *Kraft*, 2009 U.S. Dist. LEXIS 1527, at *9.

A.    *Objections*

Ranza objects to the majority of the photocopying costs claimed by Defendants as not reasonably necessarily for use in the litigation. First, Ranza observes that the largest cost for photocopying resulted from their response to Ranza's motion to compel and the resulting court order to compel. Ranza's request for production, number 47, stated:

> Any and all documents relating to human resources activities at NEON, including but not limited to hiring, firing, promoting, training, "banding" of positions, and/or benefits, sent between anyone at Nike and anyone at NEON since October 2003.

(Busse Declaration ("Decl."), Attachment ("Att.") A at 2.) The court ruled that the request was

FINDINGS AND RECOMMENDATION        7                                    {KPR}

overbroad and narrowed the scope of information Defendants were required to produce. Specifying

the period from January 1, 2006, to the present, the court stated that Defendants were to produce:

> HR documents that are policy directives from Nike to NEON, reviews of personnel
> decisions like hiring, firing, salaries, promotions, or any directives about caps or
> ranges for those actions, documents pertaining to training by Nike employees of
> NEON employees in the areas of human resources and HR . . . .

(Busse Decl., Att. A at 2-3.)  The court also included communications between the legal and human

resources departments of Nike and NEON. *Id*. at 3.  The court excluded from production "[g]eneral

everyday stuff, like daily communications[.]" *Id*. at 4.

According to Ranza, in response to the motion and order to compel, Defendants produced

almost 130,000 documents to Ranza in electronic form.  After reviewing the electronic submission,

Ranza requested only 792 documents for final processing.  Ranza argues that the vast majority of

the produced documents were unresponsive in that they were the type of everyday communications

excluded by the court, or were otherwise irrelevant, like those listed in Ranza's objections.  Ranza

argues that Defendants should have narrowed the scope of their production, rather than producing

many thousands of documents and forcing Ranza to identify those documents actually relevant to

her request.

Additionally, Ranza argues that the documents as produced were unfit for submission to the

court or other use in the case.  The documents were not redacted and had been designated for

attorney review only.  In fact, the parties agreed that, upon request, Defendants would produce up

to 1,000 redacted pages with the restrictive designation removed.  Accordingly, Ranza contends that

the 792 pages requested by Ranza were the only pages produced by Defendants in a form reviewable

by the court.

Ranza next argues that Defendants failed to sufficiently itemize the documents for which

FINDINGS AND RECOMMENDATION          8                          {KPR}

they now seek costs. Ranza first notes that the list of produced documents ranges from December 1, 2010, to July 19, 2011, but Ranza's first request for production was not served until March 15, 2011. Documents produced prior to this request are not, in Ranza's estimation, directly responsive to her discovery request. Next, Ranza argues that the itemization contains no information about the nature of the documents reproduced and, therefore, it is impossible to determine if they were produced for internal use, i.e., for the convenience of counsel. Finally, Ranza argues that the charges incurred at Bridge City Legal for the period between July 27, 2011, and October 25, 2011, were for the creation of the CDs and DVDs containing documents for attorney review only. Ranza argues that this is not a taxable cost as the documents were not usable in litigation.

    *B.*     *Analysis*

Having reviewed the materials presented by both sides, the court concludes that Defendants' cost bill is deficient in several ways. First, the documentation of the copying costs for both the internal document reproduction and the services performed by the third-party vendor contain only limited detail and fail to apprise the court of the reasonable necessity of the copies and electronic files to the case. As courts in this district have consistently held, the prevailing party's conclusory assertion that the standard was in fact met is insufficient to justify an award of costs. *Kraft*, 2009 U.S. Dist. LEXIS 1527, at *24; *Birkes v. Tillamook County*, Case No.: 09-CV-1084-AC, 2013 U.S. Dist. LEXIS 29830, at *13 (D. Or. Mar. 4, 2013); *Berglund v. The Boeing Co.*, 03:02-cv-193-AC, 2012 U.S. Dist. LEXIS 26980, at *12 (D. Or. Feb. 29, 2012); *Arboireau*, 2002 U.S. Dist. LEXIS 20342, at *18. Rather, the prevailing party must "explain the nature of the photocopying so that the court may determine which costs, if any, are properly awardable." *Hunt v. City of Portland*, Case No. CV 08-802-AC, 2011 U.S. Dist. LEXIS 89744, at *31 (D. Or. Aug. 11, 2011). Here, the only

detail provided with respect to the internally produced documents is the date they were copied and the number of pages involved.  The invoices from Bridge City Legal inform the court only that the documents were converted to an electronic format and these electronic files were placed on a CD or DVD.  This information does not permit a meaningful review of the costs incurred and cannot justify their taxation against Ranza.

Furthermore, this court has also ruled that the costs of scanning are not properly taxable under section 1920.  In *Hunt*, the court rejected the prevailing party's request for fees associated with scanning documents into a digital format.  "These expenses typically are not separately recoverable costs because they are considered part of an attorney's overhead."  *Id*. at *32 (citing *Key Bank*, 598 F. Supp. 2d at 1165-1166).  The use of a third-party to perform the scanning did not alter the analysis.

> That City hired a third-party vendor to scan, copy, and number documents does not convert into an item of recoverable cost an expense which, when performed by a party's attorney's staff, would not be recoverable under Rule 54.  This is true even if, as City represents, its use of a third-party vendor promoted time and cost efficiency.

*Id*. at *32-33.  This approach was recently adopted by Judge Brown, also in this district.  *See Icebreaker Limited v. Gilmar S.P.A.*, 3:11-CV-00309-BR, 2013 U.S. Dist. LEXIS 22713 (D. Or. Feb. 20, 2013) ("The Court finds the reasoning of *Hunt* to be sensible and persuasive.  Accordingly, the Court declines to award $258 to Plaintiff for labor costs of scanning documents.").

For these reasons, the costs associated with document copying and processing fees are awarded on a limited basis.  In her objections, Ranza states no objection to reimbursing Defendants for 1,326 pages of documents responsive to her first request for production, at $132.60; 792 pages of documents associated with the order on the motion to compel, at $79.20; the charge for Ranza's

EEOC file, at $31.05; and the reimbursement to Busse & Hunt made on May 6, 2011, at $429.20. Ranza thus agrees to pay a total of $672.05.

In the absence of documentation that would permit the court to award costs for document copying and processing, and in light of the court's stated position with respect to document-scanning services, the court should not award additional costs for this category. As such, Defendants should be awarded $672.05 in costs pursuant to 28 U.S.C. § 1920(4).

Conclusion

For the reasons stated, Defendants' Cost Bill (#145) should be granted in part and denied in part, for a total cost award of $2,193.42.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 23, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of September, 2013.

_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge

FINDINGS AND RECOMMENDATION        11                                    {KPR}