# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOREDANA RANZA**, | Case No. 3:10-cv-1285-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **NIKE, INC**., an Oregon corporation**, NIKE EUROPEAN OPERATIONS NETHERLANDS, B.V**., a foreign corporation, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on December 10, 2020. Judge Acosta recommended that this Court deny Plaintiff's motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure as untimely and allow Plaintiff to proceed to a resolution on the merits of her motion under Rule 60(d)(3).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 196. Plaintiff's objection includes arguments relating to the merits instead of the timeliness of Plaintiff's Rule 60 motion. Only the timeliness of Plaintiff's motion was at issue in the Findings and Recommendation. Accordingly, the Court only addresses the objections relating to timelines.

Regarding the timeliness issue, Judge Acosta found that Plaintiff did not file her motion under Rule 60(b)(6) within a "reasonable time." Plaintiff objects that in reaching that conclusion Judge Acosta failed properly to consider that Plaintiff pursued litigation against Nike European Operations Netherlands, B.V. (NEON) in the alternative forum until that forum became no longer available due to her filing a few days after the running of the statute of limitations and her case being dismissed. Plaintiff argues that because the alternative forum is no longer available, her claims against Nike, Inc., a separate corporate entity from NEON, which were dismissed by the Ninth Circuit on *forum non conveniens* grounds in 2016, must now be allowed to be resumed in this Court. Plaintiff's various objections center on the fact that she is no longer able to bring her claims in the Netherlands and thus no longer has an available alternative forum.

The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation regarding Plaintiff's Rule 60(b)(6) motion, agrees with his reasoning, and adopts those portions of the Findings and Recommendation. Additionally, even if the running of the statute of limitations of Plaintiff's claims in the Netherlands could trigger some new consideration with respect to Plaintiff's claims against Nike in the United States, the Court does not find persuasive Plaintiff's argument that it does so under the facts of this case for two reasons. First, in the *forum non conveniens* analysis, the availability of the alternative forum is considered at the time of the decision on the original motion. *See, e.g.*, *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1248 (5th Cir. 1983) (stating that an alternative forum must "be available *at the time of dismissal* so that [the] plaintiff can pursue his action in what has been determined to be a substantially more convenient forum" (emphasis added)). Plaintiff does not dispute that the Netherlands was an available forum at the time Plaintiff's claims against Nike and NEON were dismissed in 2016.

Second, the statute of limitations ran and the Netherlands became an unavailable forum under Plaintiff's argument based on conduct *by Plaintiff*, in filing her claim a few days late. It is Plaintiff's action that lost her access to what was adjudged by the Ninth Circuit to be the most convenient forum. As described by the Southern District of New York

> The plaintiff had a most convenient forum, the Dominican Republic. But, through his own inaction, he lost access to it. He let the Dominican Republic's six-month statute of limitations pass and has lost his remedy there, as well as in India, which presumably would follow the Dominican Republic's statute. It would be a strange world if a litigant could "bootstrap" himself into a New York court by missing the statute of limitations in the proper forum.

*Castillo v. Shipping Corp. of India*, 606 F. Supp. 497, 503-4 (S.D.N.Y. 1985); *accord Veba-Chemie*, 711 F.2d at 1248 n.10 ("Perhaps if the plaintiff's plight is of his own making . . . the

court would be permitted to disregard [the consideration that the alternative forum be available] and dismiss."); *In re Air Crash Over the Mid-Atl. on June 1, 2009*, 792 F. Supp. 2d 1090, 1095-97 (N.D. Cal. 2011) (finding that a plaintiff "cannot render France unavailable through unilateral" conduct, even though the statute of limitations ran between the court's first *forum non conveniens* dismissal order and the pending motion); *In re Compania Naviera Joanna S.A.*, 531 F. Supp. 2d 680, 686 (D.S.C. 2007), *aff'd as modified on other grounds sub nom. Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189 (4th Cir. 2009) ("A party should not be allowed to assert the unavailability of an alternative forum when the unavailability is a product of its own purposeful conduct."). Similarly, Plaintiff cannot "bootstrap" claims in Oregon because she missed the statute of limitations in the Netherlands six months after being ordered to litigate there.

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Acosta's Findings and Recommendation, ECF 192. The Court DENIES AS UNTIMELY Plaintiff's motion for relief from final judgment (ECF 173) under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's motion may proceed on the merits under Rule 60(d)(3).

**IT IS SO ORDERED.**

DATED this 3rd day of February, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge