IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOREDANA RANZA**, | Case No. 3:10-cv-1285-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **NIKE, INC. and NIKE EUROPEAN OPERATIONS NETHERLANDS, B.V.**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on September 14, 2021. ECF 215. Judge Acosta denied in part Plaintiff's Motion for Judicial Notice (ECF 172) and recommended that this Court deny Plaintiff's Motion for Relief from Judgment (ECF 173) and deny Defendants' request for sanctions (ECF 210, at 11-13).

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

    Plaintiff seeks relief from a final judgment entered more than eight years ago. Plaintiff contends that Defendants committed fraud on the court before entry of that judgment, which now entitles her to relief under Federal Rule of Civil Procedure 60(d)(3). Judge Acosta recommends denial of Plaintiff's motion because the purported misrepresentations did not affect the outcome of the case and Plaintiff knew of the purported misrepresentations before entry of judgment. Plaintiff objects to both findings.

    First, Plaintiff argues that Defendants' purported misrepresentations about their ability to litigate in the Netherlands did affect the outcome of the case because they related to Judge Acosta's *forum non conveniens* analysis. Plaintiff points to two passages of Judge Acosta's 2013 Findings and Recommendation recommending dismissal (ECF 130). Neither passage, however, shows that Judge Acosta relied on the claimed misrepresentations in reaching his 2013 findings. The first passage Plaintiff cites is part of Judge Acosta's analysis of personal jurisdiction, not his analysis of *forum non conveniens*. ECF 130, at 50. The second passage is only a recitation of Defendants' argument that public interest factors favored dismissal under *forum non conveniens*

because Dutch privacy laws may impede discovery if litigation continued in the United States. *Id.* at 80. Judge Acosta, however, did not rely on that argument in his analysis of the public interest factors. *See id.* at 80 ("Defendants also cite the possibility of conflicts of law arising, in part, from the conflict of Dutch privacy laws with the requirements of discovery in federal litigation, having the potential to create complex disputes between the two jurisdictions."); *id.* at 81 (finding that the public interest factors favored dismissal because "employment discrimination laws are in place in the Netherlands and are addressed at both the administrative and judicial levels").

In any event, U.S. District Judge Anna J. Brown adopted Judge Acosta's 2013 Findings and Recommendation in part, adopting only Judge Acosta's finding that the court lacked personal jurisdiction over Nike European Operations Netherlands, B.V. and that Plaintiff failed to state a claim against either Defendant. *See Ranza v. Nike, Inc.*, 2013 WL 869522, at *3 (D. Or. Mar. 7, 2013). The doctrine of *forum non conveniens* therefore played no part in Judge Brown's entry of judgment. Further, when affirming Judge Brown's order on appeal, the Ninth Circuit did not refer to the asserted misrepresentations in conducting its analysis of *forum non conveniens*.[1] *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076-79 (9th Cir. 2015). Judge Acosta therefore correctly concluded that the purported misrepresentations did not affect the outcome of the case.

Second, Plaintiff argues that she was only able to fully understand Defendants' purported scheme to commit fraud on the court when Plaintiff began to litigate her claims in the Netherlands and thus did not appreciate the weight of Defendants' misrepresentations until after

---

[1] The Ninth Circuit exercised its discretion to confirm that the doctrine of *forum non conveniens* provided an additional basis for dismissal. *See Ranza*, 793 F.3d at 1076 ("We have discretion to reach *forum non conveniens* even if the district court declined to consider it. It is proper to exercise that discretion here because 'the record is sufficiently developed and the issue has been presented and argued to us.'" (citation omitted) (quoting *Dole Food Co. v. Watts,* 303 F.3d 1104, 1117-18 (9th Cir. 2002))).

PAGE 3 – ORDER

entry of judgment. Plaintiff's inability to "connect the bad faith arguments" until after litigation began in the Netherlands, however, does not negate the fact that she knew of the purported misrepresentations before entry of judgment. *See* ECF 217, at 10. Plaintiff contends that Defendants misrepresented their ability to conduct discovery under the restrictions of the Dutch Privacy Data Protection Act (DPDPA), their ability to obtain employees' travel data, and the location and availability of witnesses. But in Plaintiff's objections to Judge Acosta's 2013 Findings and Recommendation, Plaintiff pointed to an exception to the DPDPA that she argued would allow for discovery, contrary to Defendants' position at the time, and also argued that many of the relevant witnesses lived in Oregon. ECF 133, at 12 n.1, 13-14. Defendants also disclosed the travel data that Plaintiff had requested pursuant to a motion to compel, so Plaintiff would have known at that time whether Defendants had misrepresented their ability to produce that data. ECF 217, at 8. Judge Acosta therefore correctly concluded that Plaintiff knew of the purported misrepresentations before entry of judgment.

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Acosta's Findings and Recommendation, ECF 215. The Court DENIES Plaintiff's Motion for Relief from Judgment (ECF 173) and DENIES Defendants' request for sanctions (ECF 210, at 11-13).

**IT IS SO ORDERED.**

DATED this 5th day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER